UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 21-20209
        Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR MISTRIAL" (ECF NO. 50)

Defendant has been indicted by a federal grand jury of multiple tax crimes. (ECF No. 1.) He has been released on personal recognizance bond subject to several conditions. (*See* ECF No. 27.) Defendant has knowingly and voluntarily waived his right to counsel and is proceeding pro se. Despite the fact that no trial has concluded—or even begun—in this matter, Defendant filed a "Motion for Mistrial" on November 30, 2021. (ECF No. 50.) Because Defendant charges the Court with being impartial and having engaged in misconduct when ruling on previous motions, the Court construes his motion as claiming judicial bias and seeking the assignment of a new district judge to oversee these proceedings. The

Government filed a response to Defendant's motion on December 2. (ECF No. 52.)

Defendant's assertions of bias and misconduct arise from the Court's October 18, 2021 decision granting his motion to deny the Government's request for additional bond restrictions and denying his motion to dismiss for lack of jurisdiction. (ECF No. 42.) Notably, it is the Court's reasoning in *granting* Defendant's motion regarding bond restrictions that causes Defendant to claim bias and misconduct. Specifically, the Government had requested that Defendant undergo initial drug testing and, if he tested positive, be subjected to continued testing. When making the individualized determination that such a condition was not necessary to assure Defendant's appearance or the safety of the community, the Court noted his prior conviction for operating under the influence and the fact that the Indictment in this matter concerns federal tax violations stemming from medical marijuana dispensaries. (*See id*. at Pg ID 201.) Defendant maintains that the inclusion of this information constitutes "evidence of a continued pattern of bias shown toward [him]." (ECF No. 50 at Pg ID 327.)

"[A] 'fair trial in a fair tribunal is a basic requirement of due process[.]'" *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)) "A biased decision-maker is constitutionally unacceptable." *Coley v. Bagley*, 706 F.3d 741, 750 (6th Cir. 2013) (citing *Withrow*, 421 U.S. at

2

47); *see also Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (internal citations and quotation marks omitted) ("[T]he Due Process Clause clearly requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case."). Therefore, a judge must disqualify him or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned" or "[w]here he [or she] has personal bias or prejudice concerning a party . . .[.]" 28 U.S.C. § 455(a), (b)(1).

The duty of a judge to recuse him or herself, however, "is *objective* and is not based 'on the subjective view of a party.'" *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (emphasis in original) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990)). The standard is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. (quoting *Nelson*, 922 F.2d at 319). Recusal is required if the question is close. *Id*. It is not in the instant case.

Nothing in the Court's decision suggests even a hint of impartiality, personal bias, or prejudice. There was nothing inaccurate in the Court's observations regarding Defendant's prior conviction or the connections between the alleged tax violations and medical marijuana dispensaries. (*See* ECF No. 1 at ¶¶ 2, 23, 25, 27.) The Court declined to consider the former in deciding whether Defendant should be subjected to drug testing specifically because the conviction is more than ten

years old.[1] (*See* ECF No. 42 at Pg ID 201.) The Court was unpersuaded by the latter given that such businesses are legal in Michigan and there was no indication that Defendant personally uses marijuana. (*Id.*)

There are no facts that would lead a reasonable person to question this Court's impartiality.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Mistrial (ECF No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for a final pretrial conference at 12:00 p.m. on February 24, 2022, and a trial date at 9:00 a.m. on March 8, 2022. The parties shall refer to the June 17, 2021 Criminal Trial Notice and Scheduling Order (ECF No. 13) for relevant information with respect to the final pretrial conference and trial.

**IT IS FURTHER ORDERED** that the time from December 20, 2021 and the trial date of March 8, 2022 shall qualify as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)7), because the ends of justice served by the granting

---

[1] This treatment of the conviction is consistent with the Federal Rules of Evidence, *see* Fed. R. Evid. 609, although those rules were not even binding in the bail hearing and thus the Court could have decided to consider the conviction. *See* 18 U.S.C. § 3142(f)(2).

4

of this continuance outweigh the best interests of the public and Defendant in a speedy trial.

**IT IS SO ORDERED.**

                                       s/ Linda V. Parker
                                       LINDA V. PARKER
                                       U.S. DISTRICT JUDGE

Dated: December 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 20, 2021, by electronic and/or U.S. First Class mail.

                                       s/Aaron Flanigan
                                       Case Manager