UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 21-20209
        Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY AND SCHEDULING *FARETTA* HEARING**

More than two years ago, a federal grand jury issued an Indictment charging Defendant with one count of obstructing the Internal Revenue Service, one count of making false statements, four counts of tax evasion, and one count of failure to file a tax return (ECF No. 1), and Defendant made his initial appearances in these proceedings (*see* text-only entries for 4/5/21 & 6/2/21).[1] The matter is now before the Court on Defendant's motion to stay to retain new counsel. (ECF No. 77.)

Most recently, Defendant was represented by attorney R. Michael Bullotta, who filed a motion to withdraw on March 8, 2023, citing a breakdown in the attorney-client relationship. (ECF No. 69.) At a status conference on March 13 to

---

[1] Defendant's initial appearance was first held on April 5, 2021; however, Defendant refused to identify himself on the record and refused to consent to a hearing via Zoom. (*See* text-only entry for 4/5/21.)

address counsel's motion, Defendant indicated that he is seeking to retain new counsel and requested more time to do so. At a subsequent status conference on April 3, Defendant complained that Mr. Bullotta had not given him his "case file" and that this was delaying his search for new counsel. As Defendant did not oppose Mr. Bullotta's withdrawal from the case, the Court entered an opinion and order the following day, granting counsel's motion to withdraw, requiring counsel to provide Defendant with the appropriate file materials on or before April 7, and setting a deadline of April 14 for Defendant to indicate whether he intends to proceed pro se or is retaining new counsel. (ECF No. 72.)

Defendant had not found new counsel by April 14, when the Court conducted yet another status conference. Expecting that Defendant, therefore, would be proceeding pro se, the Court appointed standby counsel and attorney Matthew Kolodziejski accepted the appointment.[2] (ECF No. 75.) The Court then entered a scheduling order with the following dates: a May 17 motion deadline; a May 31 final pretrial conference; and a June 7 trial date. (ECF No. 76.) Defendant then filed the pending motion to stay these dates, asserting that his Sixth

---

[2] As outlined below, Defendant previously was proceeding pro se and, upon the Government's motion, the Court ordered that standby counsel be appointed to assist him. Before an attorney was appointed, however, Defendant changed course and retained Mr. Bullotta.

2

Amendment rights would be violated if he is forced to go forward without counsel. (ECF No. 77.)

"Attendant in the Sixth Amendment right to counsel is the right to secure counsel of one's choice." *Burton v. Renico*, 391 F.3d 764, 771 (6th Cir. 2004) (citation omitted). "The right to counsel of choice is not absolute, however, and 'may not be used to unreasonably delay trial.'" *Id*. (quoting *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981)). A defendant only "has a right to a '*fair opportunity* to secure counsel of his own choice.'" *Id*. (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). As will be evident below, Defendant has been provided more than a fair opportunity to retain counsel of his own choice and he is using his current "search" "to unreasonably delay trial."

As the case docket reflects, this is not the first time Defendant has used the issue of counsel to delay these proceedings. Defendant initially sought to proceed pro se. (*See* text-only entry for 6/2/21.) Shortly thereafter, however, as the deadlines in the Court's first scheduling order approached (*see* ECF No. 13.), Defendant requested the appointment of counsel to represent him (*see* text-only entry for 7/27/21). The Court granted Defendant's request and attorney Ryan H. Machasic was appointed. (ECF No. 21.)

Defendant though was dissatisfied with Mr. Machasic's appointment, believing counsel had a conflict of interest because he shared office space with an

3

attorney who previously represented Defendant, so Mr. Machasic moved to withdraw. (ECF No. 25.) At a motion hearing on September 22, 2021, Defendant told the Court that he wished to proceed pro se and, therefore, Mr. Machasic's motion was granted. (ECF No. 31.)

The Court scheduled a hearing for October 8 to confirm the voluntariness of Defendant's choice to represent himself in accordance with *Faretta v. California*, 422 U.S. 806 (1975). (ECF No. 35.) At the conclusion of the *Faretta* hearing, the Court found that Defendant knowingly, voluntarily, and intelligently waived his right to counsel. The Court subsequently set a final pretrial conference date for November 30, but the date was moved to February 24, 2022 following a ruling on a "motion for mistrial" filed by Defendant. (ECF No. 53.)

Prior to February 24, however, on January 10, the Government requested that standby counsel be appointed for Defendant. (ECF No. 54.) Defendant did not respond to the motion. Because Defendant had made numerous arguments by that juncture reflecting his lack of knowledge of the law and the procedures guiding this litigation, the Court granted the Government's motion on February 2. (ECF No. 55.) Two days later, however, Mr. Bullotta entered his appearance as retained counsel for Defendant. (ECF No. 56.) This development, not surprisingly, resulted in a request to extend the February 24 final pretrial

4

conference, to which the Government stipulated.  (ECF No. 59.)  The final pretrial conference was moved to June 22, 2022, with a trial date six days later.  (*Id*.)

After several additional stipulated orders adjourning those dates (ECF Nos. 60, 63, 68), the final pretrial conference was at last set for April 27, 2023, with trial beginning May 9 (ECF No. 68).  A month and a half before the scheduled final pretrial conference, however, Mr. Bullotta moved to withdraw.  The back-and-forth with Defendant concerning counsel which followed Mr. Bullotta's motion are detailed earlier.

As stated, Defendant is using the issue of counsel to unreasonably delay trial.  It is time for this matter to move forward, whether Defendant is proceeding pro se, retains counsel, or decides to have counsel appointed for him.

Accordingly,

**IT IS ORDERED** that at **2:00 p.m. on May 11, 2023**, Defendant shall appear for a *Faretta* hearing in Courtroom 206 of the United States District Court, Theodore Levin Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan, *unless* before that date, a retained attorney enters his or her appearance on Defendant's behalf **or** Defendant informs the Court in writing that he wishes to have counsel appointed for him.

**IT IS FURTHER ORDERED** that Defendant's motion to stay (ECF No.

5

77) is **DENIED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: May 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 4, 2023, by electronic and/or U.S. First Class mail.

                                          s/Aaron Flanigan
                                          Case Manager