UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Criminal Case No. 21-20209
v.                              Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO PRODUCE OATH OF OFFICE AND THE BOND OF JUDGE" (ECF NO. 82) AND "MOTION FOR RECUSAL" (ECF NO. 83)

Defendant Ryan Daniel Richmond is charged in an Indictment with one count of obstructing the Internal Revenue Service, one count of making false statements, four counts of tax evasion, and one count of failure to file a tax return. (ECF No. 1.) The matter is currently before the Court on two motions filed by Mr. Richmond: (i) a motion demanding that the undersigned produce the oath of office and "the bond of the presiding judge" (ECF No. 82) and (ii) a motion asking the Court to recuse itself, filed pursuant to 28 U.S.C. §§ 144 and 455 (ECF No. 83). The Government has responded to the motions. (ECF No. 87.) Because there is no authority or duty obligating the Court to produce the requested documents to Mr. Richmond—one of which does not even exist—and because there is no reason demonstrated for the Court's recusal, Mr. Richmond's motions are denied.

As to Mr. Richmond's motion regarding the Court's oath and bond, he cites no authority to support the request.[1] The motion is frivolous.

Turning to Mr. Richmond's motion seeking the Court's recusal, the statutes he cites, as relevant here, require judges to recuse themselves from a "proceeding in which [their] impartiality might reasonably be questioned" or "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 18 U.S.C. § 455(a), (b)(1); *see also* 18 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."). Generally, " '[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). However, the Supreme Court and Sixth Circuit have indicated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," may "constitute

---

[1] As the Government points out, however, the oath of office sworn to by a judge can be found at 28 U.S.C. § 453.

2

a basis for a bias or partiality motion" if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)) (alterations omitted). "[J]udicial remarks during the course of a trial [or proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*. (quoting *Liteky*, 510 U.S. at 551).

Despite Mr. Richmond's accusations, the Court does not have a personal bias or prejudice against or in favor of either him or the Government. The Court possesses no personal knowledge of disputed evidentiary facts concerning the matter. Mr. Richmond misunderstands or is mistaken concerning the statements and conduct he offers as support for his claim of bias and prejudice. He fails to demonstrate that this Court's "impartiality might reasonably be questioned."

First, the Court's comments regarding the complexity of this case did not speak to the importance of the matter or suggest that the Government's charges are strong or weak. The characterizations of the charges against Mr. Richmond were made in response to his continued efforts to delay trial and as one explanation for why the Court found no further delays warranted.

Next, the Court did not treat Mr. Richmond differently than the Government when it denied him access to the Internet in the courtroom. Eastern District of Michigan Local Rule 83.32 states:

> Internet access is not provided for personally owned devices and counsel should come prepared with all needed material loaded on the device prior to the commencement of court. A user may NOT access the Internet by any wireless means while in the courtroom.

This prohibition includes individuals working for the United States Attorney's Office. If attorneys access the Internet at all in the courthouse, they must use their own personal hotspots to do so. But again, Local Rule 83.32(d)(4) prohibits such access in the courtroom. *Id.*

Pursuant to Eastern District of Michigan Local Rule 83.32, electronic devices such as cellphones and computers are prohibited in the courthouse except when carried by "Exempted Persons" (e.g., attorneys, building tenants, and U.S. Marshal's Service Personnel). "Exempted persons" include persons, "such as pro se litigants," who, "*[u]pon request to the court*" have obtained an order from a judicial officer. E.D. Mich. LR 83.32(b)(2)(G) (emphasis order). Before the most recent hearing on May 11, Mr. Richmond had never made a request to the undersigned for such an order—although he somehow successfully brought his laptop into the courthouse for at least the last two proceedings.

4

The Court will issue an order granting Mr. Richmond permission to possess and use his laptop and cellphone going forward. However, like all non-court personnel, he must have his research and any other material he wants access to already loaded on those devices or use a personal hotspot to access the Internet, as set forth in Local Rule 83.32(d)(4). Nevertheless, he, like all visitors to the courthouse—including United States Attorney's Office employees—may not utilize the Internet in the courtroom. *Id.*

Mr. Richmond offers no specific examples of the Court failing to properly communicate with him or engaging in ex parte communications with the Government. Nor has the Court or its staff done so. In fact, as an accommodation to Mr. Richmond during the period he has proceeded without counsel, the Court has emailed him any docket entries in addition to sending the same by United States mail to make sure he receives information as quickly as docket filers, such as the Government.

Lastly, the Court's unwillingness to grant Mr. Richmond's request for a stay to secure new counsel does not arise from prejudice or bias but rather the Court's conclusion that he has had sufficient time to secure new counsel if he wishes to do so. As laid out in the Court's decision denying Mr. Richmond's motion to stay, he has used the issue of counsel since he was first arraigned to delay facing the charges against him.

For these reasons, the Court is denying Mr. Richmond's motions (ECF Nos. 82, 83).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 31, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 31, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager