UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Criminal Case No. 21-20209
v.                                       Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE TRIAL

This matter, which is currently scheduled for trial on September 5, 2023, is presently before the Court on Defendant's motion to adjourn the trial date for 28 days. (ECF No. 101.) The Government opposes Defendant's request, indicating that government counsel is scheduled for a four-to-six-week trial in another case in mid-October, a separate multi-week trial in January 2024, and likely would be unavailable until early-to-mid 2024 for trial in this case if the current trial date is adjourned. (ECF No. 102.) Defendant's counsel indicate in reply that they can be prepared for trial with a shorter extension than the 28 days originally requested. (ECF No. 103.) However, even if the Court were inclined to grant this shortened request, the Court's schedule prevents it from doing so. Moreover, for the reasons explained more fully below, the Court is unwilling to delay the trial in this matter by any period.

Defendant is charged in an Indictment with one count of obstructing the Internal Revenue Service, one count of making false statements, four counts of tax evasion, and one count of failure to file a tax return. (ECF No. 1.) On April 27, 2023, this Court issued a Scheduling Order setting a final pretrial conference on May 31, 2023, and trial on June 7, 2023. (ECF No. 76.)

On April 27, Defendant moved to stay the proceedings to retain counsel.[1] (ECF No. 77.) On May 4, the Court issued an opinion and order in which it denied Defendant's motion, finding that he "is using the issue of counsel to unreasonably delay trial."[2] (*Id.* at Pg ID 476.) In that decision, the Court made clear to Defendant that "[i]t is time for this matter to move forward, whether Defendant is proceeding pro se, retains counsel, or decides to have counsel appointed for him." (*Id.* at Pg ID 476.) Thus, the Court scheduled a May 11 *Faretta* hearing to assess whether Defendant was knowingly and voluntarily proceeding without counsel in this matter, and advised Defendant that the *Faretta* hearing would go forward unless, before the hearing date, "a retained attorney enters his or her appearance on

---

[1] On the same date, the Court had appointed stand by counsel for Defendant and, on May 1, attorney Matthew Kolodziejski entered his appearance in that capacity.

[2] The Court's May 4 decision sets forth the background information supporting its finding.

2

Defendant's behalf **or** Defendant informs the Court in writing that he wishes to have counsel appointed for him." (*Id.*)

No attorney entered an appearance on Defendant's behalf before May 11, and the Court received no correspondence from Defendant requesting that counsel be appointed for him. Therefore, on that date, the Court conducted a *Faretta* hearing.

Two and a half weeks later, the Court conducted the final pretrial conference in this matter. Prior to the conference, neither side submitted witness lists, proposed voir dire, proposed jury instructions, or a proposed verdict form as required in the Court's April 27 Scheduling Order. (*See* ECF No. 76.) The Government did bring copies of its witness list and proposed voir dire to the conference, which it provided to Defendant and the Court.

At the conference—almost four weeks after the Court warned Defendant of the May 11 deadline to retain counsel or proceed pro se—Defendant informed the Court that he was still working on retaining counsel and had retained or was in the process of retaining someone. According to Defendant, he had submitted funds to the attorney to secure his or her representation. The Court agreed to briefly adjourn the trial to assess whether an attorney would be representing Defendant but gave Defendant a deadline of two days (i.e. until close of business Friday) to indicate whether he had been successful in securing counsel.

The Court heard nothing from Defendant concerning his retention of counsel by that deadline.  Defendant, however, did file two motions challenging this Court's authority to preside over this matter (ECF Nos. 82, 83), which were promptly denied (ECF No. 91).  The Court subsequently received a telephone call from Defendant's current counsel, requesting a status conference to discuss their appearance.  The Court set a telephonic status conference for June 5.

During the conference, counsel indicated that they would enter their appearance on Defendant's behalf but only if the Court agreed to extend the then-scheduled June 7 trial date.  The Court agreed to schedule the trial date to September 5, providing counsel three months to prepare.  The Court made it clear, however, that no further extensions would be granted.  Defense counsel gave assurances that this was understood.  Counsel entered their appearances following the conference.[3]

Because the last extension of the trial date was made on the condition that no further extensions would be allowed and counsel acknowledged this condition, and because Defendant was the cause of significant delays in these proceedings before he obtained counsel, the Court is unwilling to adjourn the September 5 trial date. The Court also notes that defense counsel provides inadequate explanations for

---

[3] The Court therefore terminated the appointment of stand-by counsel.

why they have been unable within the last three months to proceed on the scheduled date.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Continue Trial for 28 Days (ECF No. 101) is **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: August 21, 2023