UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                              Criminal Case No. 21-20209

v.                                         Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

          Defendant.
_____/

## OPINION AND ORDER REGARDING TRIAL PROCEDURE

This matter is scheduled for trial on September 5, 2023. At the final pretrial conference on August 28, 2023, Defendant made two requests, which the Court took under advisement: (1) the procedure for selecting alternate jurors; and (2) whether to allow the jurors to question witnesses. Both sides have submitted supplemental briefs with respect to the issues (ECF Nos. 106, 109), with the Government's filing being identified as a "motion." For the following reasons, the Court will be following the procedure suggested by Defendant with respect to alternate jurors but is denying his request to allow jurors to question witnesses. The Government's "motion" is therefore granted in part and denied in part.

This Court's long-standing practice, which is consistent with the practice of many judges in this District, is to seat 14 jurors in a criminal trial and randomly draw the names of two jurors before deliberations as the designated alternates.

Defendant asks the Court to modify its procedure and identify the alternates during jury selection. Defendant argues that this process is consistent with the Federal Rules of Criminal Procedure.

With respect to alternate jurors, Rule 24 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a]lternate jurors replace jurors *in the same sequence in which the alternates were selected*." Fed. R. Crim. P. 24(c)(2)(B) (emphasis added). The rule further provides that each side is entitled to additional peremptory challenges to prospective alternate jurors. *Id.* 24(c)(4). The Sixth Circuit Court of Appeals has held that the method followed by the undersigned and many other judges in this District "[is] inconsistent with the rule." *United States v. Delgado*, 350 F.3d 520, 525 (6th Cir. 2003) (citations omitted); *see also United States v. Sivils*, 960 F.2d 587, 593-94 (6th Cir.), *cert. denied*, 506 U.S. 843 (1998). Instead, alternate jurors should "be designated separately—and sequentially—before the trial begins." *Delgado*, 350 F.3d at 525.

While no prejudice or reason for reversal was found in *Delgado* and *Sivils* due to the trial courts' procedures for designating alternates—which were consistent with the process used by the undersigned—the Sixth Circuit expressly " 'encourage[d] strict adherence' to Rule 24(c)." *Delgado*, 350 F.2d at 525 (quoting *Sivils*, 960 F.2d at 594). The *Delgado* panel advised that the "[f]ederal rules of procedure should not be disregarded by courts any more than by litigants."

2

*Id.* The Court intends to follow the rule going forward and, therefore, is amending its process for selecting alternate jurors as follows:

> The Court will seat jurors in the jury box from numbers 1-14.  Jurors 13 and 14 will be the alternates, and they will replace in sequential order any jurors in seats 1-12 who are unable or disqualified from deliberating.  During jury selection, each side will get one additional peremptory challenge to be exercised in the selection of jurors 13 and 14. The jurors will not be told that jurors 13 and 14 are alternates until they are excused before deliberations.

The Court finds nothing in the rules or case law requiring it to allow jurors to question witnesses, however.

In fact, the Sixth Circuit has held that "the routine practice of juror questioning should be discouraged." *United States v. Collins*, 226 F.3d 457, 461 (6th Cir. 2000), *cert. denied*, 531 U.S. 1099 (2001).  The court identified "a number of dangers inherent in allowing juror questions[.]" *Id.*  These include:

> jurors can find themselves removed from their appropriate role as neutral fact-finders; jurors may prematurely evaluate the evidence and adopt a particular position as to the weight of that evidence before considering all the facts; the pace of trial may be delayed; there is a certain awkwardness for lawyers wishing to object to juror-inspired questions; and there is a risk of undermining litigation strategies. *See United States v. Ajmal*, 67 F.3d 12, 14 (2d Cir. 1995) (citing cases).  In light of jurors' lack of knowledge of the rules of evidence, a juror question may be improper or

>prejudicial. *See DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 516 (4th Cir. 1985) (discussing a case in which juror questions were posed within the hearing of other jurors). When a court declines to ask a question, the questioning juror may feel that her pursuit of truth has been thwarted by rules she does not understand. *See id*. Concern has also been expressed over a risk that a sense of camaraderie among jurors may lead them to attach more significance to questions propounded by fellow jurors than those posed by counsel. *See id*. at 516-17.

*Collins*, 226 F.3d at 461-62. While the court recognized some benefits to allowing juror questions, *id.*, it still discouraged the practice. The court advised that "juror questioning should be a rare practice[.]"[1] *Id.* at 463.

In summary, the Court will follow the above procedure for selecting alternate jurors and is not allowing juror questioning.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 1, 2023

---

[1] The Sixth Circuit acknowledged that there may be cases where "the balance of risks to benefits" weighs in favor of juror questioning; however, the court indicated that this will generally be in complex cases. *Collins*, 226 F.3d at 463. Where juror questioning is allowed, the Sixth Circuit instructed that its outlined "significant cautionary measures must be used." *Collins*, 226 F.3d at 463-64.