UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 21-cr-20209
        Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL (ECF NO. 144)

On September 8, 2023, a jury found Defendant Ryan Daniel Richmond guilty of one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Laws, three counts of tax evasion-evasion of assessment for calendar years 2012, 2013, and 2014, and one count of willfully failing to file a federal individual income tax return for the 2014 calendar year by the filing deadline.  (ECF No. 114.)  Richmond was found not guilty on one count of making a false statement in a matter within the jurisdiction of the United States Government and one count of tax evasion-evasion of assessment for the 2011 calendar year.  (*Id*.)  On June 5, 2024, the Court sentenced Richmond to a term of imprisonment of 24 months on each count, to run concurrently.  (ECF No. 143.) Richmond has appealed.  (ECF No. 141.)

The matter currently is before the Court on Richmond's motion for bail pending appeal, filed pursuant to 18 U.S.C. § 3143. (ECF No. 144.) The motion is fully briefed. (ECF Nos. 147, 148.) For the reasons set forth below, the Court denies the motion.

Section 3143 imposes a presumption that a convicted defendant, such as Richmond, will be detained pending appeal. 18 U.S.C. § 3143(a); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The presumption can be overcome if the court finds the following:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). If the presumption is overcome, the court must order a defendant released "in accordance with [18 U.S.C. §] 3142(b) or (c) . . . except that in the circumstance described in subparagraph (B)(iv) of [§ 3143(b)], the judicial

2

officer shall order the detention terminated at the expiration of the likely reduced sentence." *Id*.

Richmond maintains that he does not pose a risk of flight or a danger to the community, is not moving for bond for purpose of delay, and has a substantial legal question likely to result in reversal. Specifically, as to the last factor, Richmond raises the Court's denial of his August 15, 2023 motion for an extension of the September 5, 2023 trial date. The United States concedes that Richmond is not a danger to the community (*see* ECF No. 147 at PageID. 1872), but argues that he is a potential flight risk based on how difficult he has been during the pendency of this criminal matter and the fact that his family has relatively substantial means. The United States further argues that the appeal does not raise a substantial question likely to lead to reversal, an order for new trial, a non-custodial sentence, or a reduced sentence.

The Court finds, by clear and convincing evidence, that Richmond does not pose a danger to any person or the community and is not a flight risk. Richmond's obstructive behavior in this matter is not suggestive of a flight risk, but rather reflects stubbornness, ignorance of the law and the judicial process, and/or misguided reliance on information available on the Internet as to how one should behave when charged with a crime. He has a wife and two children who depend significantly on him. He has been on bond for the pendency of this matter and,

despite having the same financial means to flee, remained within the jurisdiction and appeared at scheduled court proceedings.  Nevertheless, Richmond fails to satisfy the "substantial question" requirement for bond.

"[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)).  This Court's denial of Richmond's August 15 motion for a continuance does not raise such a question.

The request was one of many by Richmond in this case, as summarized in part in the Court's May 31, 2023 decision, most of which the Court granted.  (*See* ECF No. 79.)  The trial date was adjourned several times in this matter.  At one point, the trial was scheduled for May 9, 2023.  (ECF No. 68.)  Before that date, however, Richmond's then counsel, R. Michael Bullotta, moved to withdraw due to a breakdown in the attorney-client relationship.  (ECF No. 69.)  The Court granted the motion and set a deadline of April 14 for Richmond to indicate whether he intended to retain new counsel or proceed pro se.  (ECF No. 72.)

Defendant had not found new counsel by April 14, so the Court entered a new scheduling order with *inter alia* a final pretrial conference date and trial date

of April 27 and June 7, 2023, respectively, appointed standby counsel, and scheduled a *Faretta* hearing for May 11, 2023.  (ECF Nos. 75, 76, 79.)  The Court informed Richmond that it would go forward with the May 11 hearing unless, before that date, Richmond retained an attorney who entered his or her appearance.  (ECF No. 79 at PageID. 476.)

At the April 27 final pretrial conference, Richmond indicated he had retained counsel or was in the process of retaining someone.  (ECF No. 88 at PageID. 538-39, 542-44.)  However, by the May 11 *Faretta* hearing, he still had not retained anyone.  (*See* ECF No. 89.)  Days before the June 7 trial date, the Court received a call from two attorneys, Mark Kriger and Deday LaRene, requesting a status conference to discuss their possible appearance in the matter.  At a June 5 conference, Kriger and LaRene indicated that they would enter their appearance on Richmond's behalf, but only if the Court extended the June 7 trial date.

The Court agreed, setting a new trial date of September 5, but informed counsel that no further continuances would be granted.  Kriger and LaRene assured the Court that this was understood, and they then entered their appearances.  Nevertheless, on August 15, Richmond moved to again extend the trial date.  (ECF No. 101.)  The denial of that motion is the basis for Richmond's appeal.

On appeal, the Sixth Circuit will review this Court's decision to deny Richmond's final motion to continue the trial date for an abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010). The Sixth Circuit and Supreme Court recognize that "district courts require a great deal of latitude in scheduling trials and, therefore, must be given broad discretion to determine whether to grant continuances." *United States v. Spires*, 657 F. App'x 387, 389 (6th Cir. 2016) (quoting *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010) (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). A district court abuses its discretion when denying a motion to continue a trial "only if there is an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Warshak*, 631 F.3d at 298 (quoting *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985)). Additionally, "[t]o demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense." *Id*. (quoting *Gallo*, 763 F.2d at 1523).

Given the history of these proceedings, the denial of Richmond's last request to extend the trial date was neither "unreasoning" nor "arbitrary," and it was not made "in the face of a justifiable request for delay." Moreover, Richmond has not specifically articulated how the decision prejudiced his defense. He claims broadly that his previous attorneys, who tried the case, needed more time to prepare; however, he does not explain how this specifically impacted his defense. The

6

Court concludes that Richmond's argument that he suffered prejudice when his last request to extend the trial date was denied does not present a substantial question on appeal.

Accordingly,

**IT IS ORDERED** that Defendant's motion for bond pending appeal (ECF No. 144) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 25, 2024