UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 21-cr-20209
        Honorable Linda V. Parker

RYAN DANIEL RICHMOND,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR ORDER RECOGNIZING DEFENDANT'S WAIVER OF ATTORNEY-CLIENT PRIVILEGE (ECF NO. 158)**

On September 8, 2023, a jury found Defendant Ryan Daniel Richmond guilty of one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Laws, three counts of tax evasion-evasion of assessment for calendar years 2012, 2013, and 2014, and one count of willfully failing to file a federal individual income tax return for the 2014 calendar year by the filing deadline. (ECF No. 114.) Richmond was found not guilty on one count of making a false statement in a matter within the jurisdiction of the United States Government and one count of tax evasion-evasion of assessment for the 2011 calendar year. (*Id*.) On June 5, 2024, the Court sentenced Richmond to a term of imprisonment of 24 months on each count, to run concurrently. (ECF No. 143.)

The Sixth Circuit Court of Appeals affirmed Richmond's convictions and sentence on January 30, 2025.  (ECF No. 150.)  On November 17, 2025, the Supreme Court denied his petition for writ of certiorari.  (ECF No. 162.)

On September 9, 2025, Richmond filed a "Motion to Compel Former Counsel to Clarify or Correct the Record" (ECF No. 153) and a "Motion to Vacate Sentence under 28 U.S.C. § 2255" (ECF No. 154).  In the first motion, Richmond claims that one of the attorneys who represented him during the trial proceedings, R. Michael Bullotta, misrepresented to the Court the reason why he sought to withdraw as counsel.  While Bullotta informed the Court that there had been a breakdown in the attorney-client relationship, Richmond claims Bullotta told him the case was "too political."  In his second motion, Richmond claims he received ineffective assistance from three of his trial attorneys, including Bullotta.

In response to Richmond's § 2255 motion, the United States of America (hereafter "Government") filed a motion asking the Court to find that Richmond waived the attorney-client privilege as to the communications relevant to his ineffective assistance of counsel claims.  (ECF No. 158.)  Richmond does not contest the waiver in his response to the Government's motion, although he argues that the waiver is limited to what is necessary to adjudicate the grounds for relief in his motion.  (ECF No. 161.)

The Court finds no authority to grant the relief requested in Richmond's motion to compel, particularly as it has made no finding that the reason Bullotta provided in support of his motion to withdraw was not the real reason. In other words, the Court need not order the correction of the record when it has not made a finding that the current record is not correct. And the Court finds no reason to delve into the accuracy of Bullotta's representations on the record at this time. The Court was not privy to the conversation where Bullotta allegedly provided Richmond with a different reason. It is not clear whether the recording which Richmond claims to have of this purported conversation was obtained legally, or whether it would be admissible in court.

In his § 2255 motion, Richmond does claim ineffective assistance of counsel based on Bullotta's withdrawal. Because Richmond has raised the issue as part of this motion, the Court anticipates that evidence as to what Bullotta told Richmond will be developed and presented in later briefing and/or an evidentiary hearing, if the Court decides a hearing is needed. Thus, the record will reveal what Richmond claims Bullotta said was the reason for his withdrawal, what Bullotta maintains was the reason, and perhaps the Court's finding as to which version it believes.[1]

---

[1] Such a finding may ultimately be unnecessary if the Court concludes that the withdrawal, regardless of the reason, did not prejudice Richmond's defense. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Turning to the Government's motion, as Richmond concedes, by raising ineffective assistance of counsel based on communications between Richmond and his trial attorneys as grounds for relief, Richmond waives the attorney-client privilege to the extent necessary to litigate his claims. *See In re Lott*, 424 F.3d 446, 453-54 (6th Cir. 2005). Contrary to Richmond's assertion, the Government has not argued that he fully waived the attorney-client privilege. Instead, it seeks only a ruling that Richmond waived the privilege as to the communications between himself and the trial attorneys who represented him, which underlie the grounds for post-conviction relief.

Accordingly,

**IT IS ORDERED** that Defendant's motion to compel (ECF No. 153) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's motion for order recognizing that Richmond waived the attorney-privilege (ECF No. 158) is **GRANTED** in that the Court finds the privilege waived as to the communications between Richmond and attorneys R. Michael Bullotta, Mark Kriger, and N.C. Deday LaRene which are the subject of Richmond's pending motion under § 2255.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 7, 2026